IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA SARVEY, | : | CIVIL ACTION NO. **3:16-CV-0974** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Saporito) |
| JOHN WETZEL, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

The plaintiff, through counsel, filed this civil rights action on May 24, 2016, pursuant to 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff has paid the filing fee.

Plaintiff is an inmate at the State Correctional Institution at Cambridge Springs, Pennsylvania ("SCI-Cambridge Springs").  The named defendants are: John Wetzel, Secretary of the Pennsylvania Department of Corrections; Joanne Torma, Superintendent of SCI-Cambridge Springs; Joyce Wilkes, former Superintendent of SCI-Cambridge Springs; Keith Mayo, Corrections Officer at SCI-Cambridge Springs; and Brian Shank, former Corrections Officer at SCI-Cambridge Springs. (Doc. 1).

Plaintiff's claims arise from the alleged sexual assault that she suffered at the hands of a corrections officer during her incarceration at SCI-Cambridge Springs.

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a).

Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Venue in the Middle District of Pennsylvania is not proper. All of the plaintiff's claims arose during her incarceration at the State Correctional Institution at Cambridge Springs, Pennsylvania. SCI-Cambridge Springs is located in Crawford County, Pennsylvania, which is within the jurisdiction of the Western District of Pennsylvania. Further, with the exception of defendant Corrections Secretary John Wetzel, the named defendants are the superintendent and former superintendent of SCI-Cambridge Springs and a corrections officer and former corrections officer at SCI-Cambridge Springs, all of whom are located in the Western District of Pennsylvania. Venue is therefore properly in the Western District of Pennsylvania, since all defendants who would have had personal involvement in this matter reside there, and all of the events in question arose there.

Accordingly, the present action should be transferred to the United States District Court for the Western District of Pennsylvania for the convenience of the parties and in the interests of justice. *See Morris v. McCaffrey*, 2007 WL 4260958 (M.D. Pa.).

Based on the foregoing, it is respectfully recommended that the action be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: May 25, 2016**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA SARVEY, | : | CIVIL ACTION NO. **3:CV-16-0974** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 25, 2016.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                              s/ Joseph F. Saporito, Jr.
                                              **JOSEPH F. SAPORITO, JR.**
                                              **United States Magistrate Judge**

**Dated: May 25, 2016**